FERGUSON, Judge
(dissenting).
Appellant, Ann Griffin, was employed as a classroom school teacher with appellee School Board for eighteen years. On August 22, 1984, she was suspended from employment on grounds of incompetency, gross insubordination, and misconduct in office. Specifically, it was found that she administered corporal punishment (paddling) to students without having another adult present, by using more strokes than are permitted under the rules, and without the express permission of the principal, all in violation of School Board Rule 6GX13-5D-1.07.
After a hearing on Griffin’s request for an administrative review, the hearing officer recommended that the School Board limit Griffin’s punishment to a ninety-day suspension. The Board rejected the hearing officer’s recommendation for a lighter penalty and, instead, dismissed Griffin from employment, denying her any back pay.
I disagree with the significant finding that Griffin’s administering of corporal punishment was without the knowledge or approval of the principal. Griffin’s uncon-tradicted testimony was that the principal gave her a list of problem kids from other classrooms with instructions to “handle it” and to “take care of the problem.” She further testified that the principal had implicitly approved the use of corporal punishment when he gave her a newspaper article regarding a teacher’s authority to paddle, and that she would not have administered corporal punishment unless it met with his approval.
The principal did not testify at the hearing. According to Griffin, he resigned or retired while this matter was pending and “left me with it.” She further testified that the principal refrained from disciplining students himself after he became involved in an incident prior to January, 1982, involving punishment of students.
From the undisputed testimony one may conclude only that Griffin, in administering corporal punishment, was complying with instructions from her supervisor. Griffin’s conduct does not meet the definition of insubordination, incompetency or misconduct as those terms are defined in administrative regulations and statutes.[1]
*914 From a leadership style more befitting espionage than teaching, Griffin was assigned a dirty job and was then left “dangling in the wind” when students and their parents complained. The principal, as school head and accomplice, got away to enjoy the benefits of retirement.
Nothing in this record supports the School Board’s decision to dismiss Griffin from employment as a classroom teacher.

. Fla.Admin.Code Rule 6B-4.09(4) (gross insubordination is a constant or continuing refusal to obey a direct order, reasonable in nature, and given by and with proper authority); Fla.Admin.Code Rule 6B-4.09(1) (incompetence is the inability or lack of fitness to discharge the required duty as a result of inefficiency, i.e., the repeated failure on the part of a teacher to communicate with and relate to the children in the classroom to such an extent that pupils are *914 deprived of minimal educational experience, or incapacity, i.e., the lack of emotional stability, adequate physical ability, general educational background or adequate command of the teacher's area of specialization); Fla.Admin.Code Rule 6B-4.09(3) (misconduct is a violation of the Code of Ethics of the Education Profession which is so serious as to impair the individual’s effectiveness in the school system). See § 231.-36(4)(c), Fla.Stat. (1985).